IN THE FEDERAL DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
SITTING AT HOUSTON, TEXAS

| | | |
|---|---|---|
| MARK BROWN II et al | § § § | |
| Plaintiff, | § § | NO. |
| VS. | § § § | JURY |
| SONY COMPUTER ENTERTAINMENT AMERICA, LLC, and SONY CORPORATION OF AMERICA | § § § § § § § | |
| Defendants | | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Plaintiffs, MARK BROWN II, PERRY ALONSO MCCLENDON and SHAUN DAVIS, individually and as representatives of the class of plaintiffs described herein, and file their Original Class Action Petition, complaining of SONY COMPUTER ENTERTAINMENT AMERICA, LLC, and SONY CORPORATION OF AMERICA, hereinafter referred to as Defendants, and for cause would show the Court the following:

I.

## PARTIES

Plaintiffs are residents of the State of Texas and are part of the 10 million persons who are users of the Defendants Play Station Network and Qriocity account holders whose personal information was exposed without justification or cause to persons on the internet by the negligence

of the defendants.

A) Defendant, SONY COMPUTER ENTERTAINMENT AMERICA, LLC, a Del. Corp., who may be served by having service upon CSC-Lawyers Incorporating Service, its registered agent at 211 E. 7th St. #620, Austin, Texas 78701

.    B) Defendant, SONY CORPORATION OF AMERICA   A Del. Corp.,who may be served by having service upon its registered agent upon   CSC-Lawyers Incorporating Service, its registered agent at 211 E. 7th St. #620, Austin, Texas 78701

### III.

### JURISDICTION AND VENUE

Damages in this case are un-liquidated and are within the jurisdictional limits of this Court. Accordingly, venue is proper in Harris County, Texas.

### IV.

### FACTS

Plaintiffs are part of the 10 million persons who are users of the Defendants Play Station Network and Qriocity account holders whose personal information was exposed without justification or cause to persons on the internet by the negligence of the defendants..

.

### V.

### CLASS ACTION FACTS

Plaintiffs bring this action on their own behalf and on behalf of a class of similarly situated persons who are subject to the claims alleged in this complaint on a common basis. The proposed class is defined as follows: All persons and entities who are users of the Defendants Play Station

Network and Qriocity account holders whose personal information were exposed to the world by the negligence of the defendants and violated the FCRA and the FACTA of 2003.

This action is brought and may properly be maintained as a class action pursuant to the provisions of Rule 42 of the Texas Rules of Civil Procedure, and, as appropriate, subparts (b)(1), (b)(2), and/or (b)(4). This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of those provisions.

**Numerosity - Rule 42(a)(1)**. The Class is so numerous that joinder of all its members is impracticable. Plaintiffs are informed and believe that there were in excess of 10,000,000 persons that are in the proposed class. Obtaining a meeting of the minds among the persons who comprise the class as to the conduct of this suit would be nearly impossible. Class members may be informed of the pendency of this action by direct mail and published notice.

**Existence and Predominance of Common Questions of Fact and Law - Rule 42(a)(2) and (b)(4)**. Common questions of fact and law exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. Common factual legal questions arise from Defendants' common course of conduct which does not vary from class member to class member, and which may be determined without reference to the individual damages incurred by any particular class member. The same legal theories and substantive law will apply to the claims of all Class members. These common factual and legal questions are set forth below, and will include, but are not limited to the following:

    A.    Whether Defendants did what Kazou Hirai admitted at their newsconference in Tokyo recently;

    B.    Whether Defendants had a duty to be protect plaintiffs under FACTA and FCRA;

C. Whether Defendants had a common law duty to each member of the Class;

D. The amounts necessary to protect themselves by each Class member;

E. Whether Defendants are liable to the Class under the appropriate statute for the amounts they may pay for protection and remedying the breach, exemplary damages, attorney's fees and costs; and

**Typicality of Claims - Rule 42(a)(3)**. Plaintiffs' claims are typical of the claims of the members of the Class, all of which arise out of the same misconduct on the part of the Defendants' misconduct has affected Plaintiffs and each Class member in substantially the same way. Each Class member is entitled to protection and remedy costs.

**Adequacy of Representation - Rule 42(a)(4)**. Plaintiffs are adequate representatives of the Class because they are members of the Class and their interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiffs have retained counsel with experience and specialization in real estate law and in complex litigation. Plaintiffs intend to prosecute this action vigorously, to conclusion, for the benefit of the Class. The interests of the members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

**Superiority - Rule 42(b)(4)**. A class action is superior to other available methods of fair and efficient adjudication of this litigation. Individual litigation of each Class member's claim is impracticable, particularly considering the relatively small amounts of damage initially incurred by class members. Individual litigation would increase the delay and expense to all parties and the court system in resolving the legal and factual issues of the case, and would further present the potential for inconsistent or contradictory rulings and judgments. It would be unduly burdensome on the court system if every Class member filed and prosecuted a separate action against the Defendants. By contrast, the class action device presents far fewer management difficulties than

multiple lawsuits, and provides the benefits of a single adjudication, economies of scale, coordinated discovery and trial, and comprehensive supervision by a single court.

**Class Certification under Rule 42(b)(1)(A) and (B)**. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of Rule 42(b)(1)(A) and (B). The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, thus establishing incompatible standards of conduct for Defendants. Moreover, the prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications, or would substantially impair or impede the ability of such non-party Class members to protect their interests.

**Class Certification Under Rule 41(b)(2)**. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of Rule 41(b)(2) because Defendants have acted, or have refused to act, on grounds generally applicable to the Class, thereby making corresponding declaratory relief appropriate with respect to the Class as a whole. The Complaint seeks final declaratory relief.

VI.

## CAUSES OF ACTION

Plaintiffs incorporate Paragraphs I through V herein as if fully restated.

### A. VIOLATION OF FACT ACT OF 2003

Defendants violated plaintiff's rights under the FCRA and FACTA, and as a result the Defendants are liable to Plaintiffs for the cost to monitor their identity, to rectify any theft of such identity and the resulting costs, exemplary damages and attorneys fees.

## B. NEGLIGENCE

### Negligence Per Se

Defendants had a duty, pursuant to FACTA and FCRA, to be do certain acts to protect the persons whose information they had and received. They breached that duty to all class members. Defendants are liable to all Class members, including Plaintiffs.

The Defendants owed each of the Plaintiffs and the Class they seek to represent, a fiduciary duty to be properly trained.

## VII.

### ATTORNEY'S FEES

Defendants' actions have made it necessary for Plaintiffs to employ the undersigned attorneys and to agree to pay the attorneys a reasonable fee. Under the statute violated by Defendants, attorney's fees are recoverable against Defendants. A reasonable fee for the attorney's services rendered and to be set by the court.

## VIII.

### REQUEST FOR INITIAL DISCLOSURE

Pursuant to Rule 194, Texas Rules of Civil Procedure, Defendants are requested to disclose to Plaintiffs, within 50 days of the request, the information or material described in Rule 194.2 to be produced at BousquetLaw, P.C., 9225 Katy Freeway, Suite 103, Houston, Texas 77024, during normal business hours. In particular, the mandatory disclosure includes a request for all records of plaintiffs exposed by defendants.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this class be certified and for judgment against the Defendants, jointly and severally, as follows:

1. By awarding damages to each Class member, including each Plaintiff, in an amount equal to his/her reasonable costs to protect against and correct any identity theft, together with interest thereon from the date of payment.

2. By ordering prejudgment and post-judgment interest, as provided by law.

3. By declaring that Defendants acted unlawfully by negligently and falsely reporting to the Class members, or failing to report to the Class members, including Plaintiffs, regarding the fact that they exposed their identity.

4. By awarding the Class, including Plaintiffs, reasonable attorneys' fees and costs.

5. By granting such other and further relief as this Court deems equitable, just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.

Respectfully submitted,

BOUSQUETLAW, P.C.

By_____/s/_____
THOMAS G. BOUSQUET
9225 Katy Freeway, Suite 103
Houston, Texas 77024
Bar Card No. 02717000
FEDERAL COURT NO. 3285
713-827-8000
713-827-0096 (fax)
ATTORNEY FOR PLAINTIFFS